Donald L. Kreindler (DK 5858)
dkreindler@ phillipsnizer.com
Jeremy D. Richardson (JR 7706)
jrichardson@phillipsnizer.com
PHILLIPS NIZER LLP
666 Fifth Avenue
New York, New York 10103-0084
(212) 977-9700
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
CAROLE HOCHMAN DESIGN GROUP, INC.,     :  **ECF CASE**
                                                                          :
                                        Plaintiff,:  Docket No. 07 CV 7699 (LAK) (DCF)
                                                                          :
                -against-                                         :  **COMPLAINT and JURY DEMAND**
                                                                          :
FOREVER 21, INC.,                                          :
                                                                          :
                                        Defendant.:
------------------------------------------------------------x

Carole Hochman Design Group, Inc. ("Carole Hochman"), by its attorneys, Phillips Nizer LLP, for its complaint against defendant Forever 21, Inc. ("Forever 21"), alleges as follows:

**JURISDICTION AND VENUE**

1.     This is an action for: (i) copyright infringement arising under the United States Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*.; and (ii) Unfair Competition under New York common law.

2.     This Court has jurisdiction of this action for Forever 21's copyright infringement under 28 U.S.C. §§ 1331, and 1338(a).

3.     This Court has jurisdiction of this action for Forever 21's Unfair Competition pursuant to 28 U.S.C. § 1338(b) and on the basis of supplemental jurisdiction.

1014732.1

4.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(a).  Process properly issues from this Court pursuant to Rule 4 of the Federal Rules of Civil Procedure.

## THE PARTIES

5.      Carole Hochman is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business at 135 Madison Avenue, New York, New York.

6.      Carole Hochman has been a family owned and operated business since 1930 and has grown into a global enterprise renowned for producing highly fashionable women's sleepwear, loungewear, daywear and intimate apparel.

7.      Forever 21 is, upon information and belief, a corporation duly organized under the laws of the State of California with a principal place of business at 2001 South Alameda Street, Los Angeles, California.

8.      Upon information and belief Forever 21 manufactures, imports, distributes and sells through its own chain of retail stores inexpensive sleepwear, loungewear, daywear and intimate apparel for women.

9.      Upon information and belief Forever 21 has sold in the United States and within this district women's intimate apparel which infringes a copyrighted fabric design owned by Carole Hochman as set forth hereinafter.

10.     Upon information and belief women's intimate apparel sold by Forever 21 has come into the stream of commerce within the State of New York and specifically within this district.

11.     Upon information and belief Forever 21 transacts business within this district, derives substantial revenue from intrastate and interstate commerce, and has sold women's intimate apparel which infringes Carole Hochman's copyrighted design within this district and also without this district having injurious consequences to Carole Hochman, and Forever 21 is otherwise within the jurisdiction of this Court.

Complaint – Page 2

1014732.1

## FACTS COMMON TO ALL CLAIMS

12. Carole Hochman is, and has been for many years, prominent in the design and manufacture of original and highly fashionable women's sleepwear, loungewear, daywear and intimate apparel.

13. Carole Hochman has operated continuously since approximately 1930.

14. Carole Hochman maintains, at great expense, a design department which is well known and has earned an excellent reputation in the trade for its original, distinctive and copyrighted fabric designs which are a cornerstone of the Carole Hochman branded and private label business.

15. In or about October 2005 Carole Hochman created an original work of art for use as a fabric design which Carole Hochman named *Marilyn Monrose* (the "Design").  Carole Hochman used the Design exclusively for one of its client's private label intimate apparel.  A color photograph of the Carole Hochman garment incorporating the Design and is attached hereto as Exhibit A.

16. Carole Hochman first "published" (as that term is defined by the Copyright Act) the Design in or about October 2005.

17. Carole Hochman registered the Design with the U.S. Copyright Office under Registration Number VA 1-409-034.  A photocopy of the registration certificate for the Design is attached hereto as Exhibit B.

18. The Design is original and copyrightable under the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq*.

19. Carole Hochman has fully complied in all respects with the provisions of the United States Copyright Act with respect to the Design.

20. At all times since it created the Design, Carole Hochman has been, and still is, the exclusive holder of all rights, title and interest in and to the copyright therein.

21. Upon information and belief, at some time after October 2005 Forever 21 obtained a copy of the Design.

22. Upon information and belief, at some time after October 2005 Forever 21 decided to incorporate the Design into a line of its intimate apparel for women.

23. Thereafter, Forever 21 proceeded to manufacture or had manufactured thousands units of women's intimate apparel incorporating the Design (the "Infringing Apparel").

24. Attached hereto as Exhibit C is a color photocopy of the Infringing Apparel.

25. Upon information and belief Forever 21 has sold thousands of units of the Infringing Apparel through its chain of retail stores in the United States including in the State of New York and within this district.

### AS AND FOR A FIRST CLAIM
### VIOLATION OF THE COPYRIGHT ACT

26. Carole Hochman repeats and realleges each and every allegation set forth in paragraphs 1 through 25 of this Complaint as fully and completely as if set forth herein.

27. Forever 21 purchased or manufactured thousands of units of the Infringing Apparel.

28. Forever 21 sold thousands of units of the Infringing Apparel.

29. Forever 21's use of the Design was without Carole Hochman's knowledge or permission.

30. Forever 21, upon information and belief, having full knowledge of Carole Hochman's rights or at least in disregard of Carole Hochman's rights, willfully infringed Carole Hochman's copyright interests in the Design by manufacturing, importing, distributing, promoting, advertising, offering for sale and selling the Infringing Apparel without Carole Hochman's consent.

31. All of the above described activities are in violation of Carole Hochman's rights under the United States Copyright Act.

32. The acts of the Forever 21 have damaged Carole Hochman in an amount as yet unknown and may further damage Carole Hochman in such a manner that Carole Hochman has no adequate remedy at law.

**AS AND FOR A SECOND CLAIM
UNFAIR COMPETITION**

33. Carole Hochman repeats and realleges each and every allegation set forth in paragraphs 1 through 25 and 27 through 32 of this Complaint as fully and completely as if set forth herein.

34. Carole Hochman went to great expense and effort in creating the Design and building a business based upon original and highly fashionable sleepwear, loungewear, daywear and intimate apparel for women.

35. As a result of expenditure of money and skill in the development and promotion of its original and highly fashionable sleepwear, loungewear, daywear and intimate apparel for women, including a line of women's intimate apparel incorporating the Design, Carole Hochman has developed significant customer loyalty and good will.

36. Forever 21, by its acts, has taken advantage of the knowledge and skill of Carole Hochman, and of the good will developed by Carole Hochman, and has capitalized upon the market created by Carole Hochman for its sleepwear, loungewear, daywear and intimate apparel for women.

37. The aforesaid acts of Forever 21 of manufacturing, importing, distributing, promoting, advertising, offering for sale and selling the Infringing Apparel constitute inequitable conduct, unfair trade practices and unfair competition, and are likely to deceive and confuse Carole

Hochman's customers into believing that the Infringing Apparel is sponsored by, licensed by, endorsed by or are otherwise associated with Carole Hochman.

38.     Forever 21's acts constitute misappropriation of Carole Hochman's copyrighted Design and the good will and reputation which are associated therewith.

39.     Forever 21 misappropriation of Carole Hochman's good will and reputation has and will continue to injure Carole Hochman as long as Forever 21 continues to manufacture, import, distribute, promote, advertise, offer for sale and sell the Infringing Apparel.

40.     Forever 21 has manufactured, imported, distributed, promoted, advertised, offered for sale and sold the Infringing Apparel without authorization, license or permission from Carole Hochman.

41.     Forever 21's acts have damaged Carole Hochman in an amount as yet unknown and may further damage Carole Hochman in such a manner that Carole Hochman has no adequate remedy at law.

## JURY DEMAND

42.     Carole Hochman demands trial by jury on all claims and issues.

**WHEREFORE**, Carole Hochman Design Group, Inc., respectfully requests as follows:

(a)     that Forever 21, its officers, representatives, agents, servants and all parties in privity with Forever 21 be permanently enjoined from infringing the copyrighted Design as covered by United States Copyright, Registration No. VA 1-409-034 in any manner;

(b)     that Forever 21 be required to deliver up for destruction all products in their possession or under their control incorporating the copyrighted Design or portion thereof;

(c)     that Forever 21 be required to pay to Carole Hochman such damages as have been sustained in consequence of Forever 21's infringement of the copyrighted Design and to account for all gains, profits and advantages derived by Forever 21 from its infringement of the Design or

portion thereof, or such damages as to the Court shall appear proper within the provisions of the Copyright Act; and

(d) that Carole Hochman be entitled to such other and further relief as the Court may deem just and equitable under the circumstances.

Dated: New York, New York
August 20, 2007

PHILLIPS NIZER LLP

By: _s/ Donald L. Kreindler_
Donald L. Kreindler (DK 5858)
Jeremy D. Richardson (JR 7706)
Attorneys for Plaintiff
666 Fifth Avenue
New York, New York 10103-0084
(212) 977-9700